UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHARLES T. COX,

                    Petitioner,

-vs-                                          Case No.  8:06-cv-1218-T-17MAP

SECRETARY, DEPARTMENT OF
CORRECTIONS,

                    Respondent.

_____

## ORDER

      Pro se Petitioner Charles T. Cox petitions for a 28 U.S.C. § 2254 petition for writ of

habeas corpus.  Cox challenges his conviction and sentence entered by the Circuit Court

for the Thirteenth Judicial Circuit, Hillsborough County, Florida.  A review of the record

demonstrates that, for the following reasons, the petition must be **denied**.

PROCEDURAL HISTORY

      On December 2, 2000, the State filed an Information charging Cox with burglary of

a dwelling. (Exh 17: Vol. 1: R 9-11).1 The case proceeded to a jury trial before the

Honorable Daniel L. Perry, Circuit Judge, on September 10 and 11, 2001. Cox was

represented by Assistant Public Defenders Kyle Pennington and Shelton Bridges. The jury returned a verdict of guilty of burglary of a dwelling as charged. (Exh 17: Vol. 1: R 25). On October 31, 2001, the court sentenced Cox to fifteen years in prison as a prison releasee reoffender. (Exh 17: Vol. 1: R 28-36). On December 4, 2002, the court amended the sentence to remove the prison releasee reoffender status. (Exh 17: Vol. 5: R 458-461).[1]

Cox pursued a direct appeal. Clark E. Green, the Assistant Public Defender assigned to represent Cox on appeal, filed an initial brief (Exhibit 1) raising one issue: "Did the trial court err by denying the Appellant's motion for mistrial?" The State filed its answer brief. (Exhibit 2). On June 13, 2003, in Case No. 2D01-5117, the Second District Court of Appeal filed a per curiam unwritten opinion affirming Cox's judgment and sentence. (Exhibit 3). *Cox v. State*, 856 So. 2d 989 (Fla. 2d DCA 2003)[Table]. The court issued the mandate on July 11, 2003. (Exhibit 4).

On June 23, 2004, Cox filed a motion for postconviction relief and memorandum of law in support, pursuant to Fla. R. Crim. P. 3.850. (Exhibit 5). The motion contained five allegations of ineffective assistance of trial counsel. Cox then filed a "motion to amend the record of rule 3.850 motion" which included a sixth claim of ineffective assistance of counsel. (Exhibit 6). In all, Cox claimed trial counsel was ineffective for: (1) failing to investigate and depose the victim, Kenneth Willingham; (2) failing to file a motion to suppress the identification testimony; (3) failing to impeach the State's key witness,

---

[1] The four-volume record on direct appeal is attached as Respondent's Exhibit 17. References to the documents and pleadings found in Volume 1 of the record utilize the letter "R," followed by the page number located in the lower right hand corner of the page. The trial transcript (referred to as "T") is contained in Volumes 1 and 2, and is paginated separately in the upper right hand corner of the page. Volumes 3 and 4 (supplemental volumes re-numbered by Respondent) contain documents relating to Cox's motions to correct sentence and re-sentencing.

Kenneth Willingham; (4) failing to investigate, take depositions, and call witnesses William "Willy" Peoples, Melissa Ratliff, and Bob Kirby to testify at trial; (5) misadvising Cox regarding his right to testify; (6) failing to investigate Cox's mental illness and/or have Cox evaluated prior to trial to determine whether a competency hearing was necessary.

On January 3, 2005, Judge Perry issued a written order denying, in part, the motion for postconviction relief and order to respond. (Exhibit 7). The court summarily denied ground 5 and part of ground 1 of the motion, and directed the State to respond to grounds 1 (in part), 2, 3, 4, and 6.

The State filed its response on February 11, 2005, requesting an evidentiary hearing on the remaining claims. (Exhibit 8). An evidentiary hearing was conducted before Judge Perry on April 12, 2005. (Exhibit 9). The court appointed attorney Buddy Gissendanner, Esquire, to represent Cox. The court heard the testimony of Cox and trial counsel, Kyle Pennington.

On June 20, 2005, the court issued a final written order denying grounds 1 (in part), 2, 3, 4, and 6 of the rule 3.850 motion. (Exhibit 10). Cox appealed the adverse rulings. Cox's appellate counsel, Assistant Public Defender Kevin Briggs, filed an *Anders*[2] brief, stating that he could find no meritorious argument to support the contention that the trial court committed significant reversible error in this case. (Exhibit 11). Counsel directed the appellate court's attention to the potential general issue of whether the trial court erred in denying the motion for postconviction relief. Cox filed a supplemental pro se brief raising two issues: (1) the trial court's summary denial of ground 5 is contrary to and an

---

[2] *Anders v. California*, 386 U.S. 738 (1967).

unreasonable application of the facts and state and federal law, where the trial court fails to address all claims raised by Appellant; (2) the trial court's final order denying Ground 6 fails to conclusively refute Appellant's claims as to the facts presented by motion and introduced through the evidentiary hearing. (Exhibit 12). The State filed its answer brief, addressing only the two issues raised by Cox in his pro se brief concerning grounds 5 and 6 of the rule 3.850 motion. (Exhibit 13). Cox filed a pro se reply brief. (Exhibit 14).

On May 19, 2006, in Case No. 2D05-3415, the appellate court filed a per curiam unwritten opinion affirming the denial of postconviction relief. (Exhibit 15). *Cox v. State*, 932 So. 2d 198 Fla. 2d DCA 2006)[table]. The court issued the mandate on July 10, 2006. (Exhibit 16).

THE PRESENT PETITION

Cox signed the instant federal petition on June 27, 2006, and timely filed the document in this Court on June 30, 2006. (Dkt. 1). The petition contains six grounds alleging ineffective assistance of trial counsel: (1) counsel was ineffective for failing to depose and investigate the victim; (2) counsel was ineffective for failing to file a motion to suppress identification testimony; (3) counsel was ineffective in failing to impeach the State's key witness, Kenneth Willingham; (4) counsel was ineffective for failing to investigate and call witnesses at trial who would have supported Cox's defense; (5) counsel was ineffective for misadvising Cox regarding his right to testify; (6) counsel was ineffective for failing to investigate Cox's mental illness and/or have an evaluation done to determine whether or not a competency hearing was necessary before proceeding to trial. In his response, Respondent contends that Grounds One, Two, Three, and Four were abandoned

-4-

by Cox by his failure to include those grounds in his pro se brief in the postconviction appeal, and that these grounds are now procedurally barred. Respondent also contends that the allegations regarding potential witnesses Bob Kirby and Melissa Ratliff in Ground Four were expressly abandoned by postconviction counsel during the evidentiary hearing in state court, inasmuch as the witnesses were unavailable. (See Respondent's Exhibit 9, Evidentiary Hearing Transcript, at R 310-312).

In his reply, Cox states that he abandons Grounds One, Two, Three and Six.   (Dkt. 11, p. 3). Therefore, the Court will address only Grounds Four and Five.

STANDARDS OF REVIEW

Under 28 U.S.C. § 2254(d) and (e) as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), this court's review of the state court's factual findings must be highly deferential. Such findings are presumed to be correct unless rebutted by clear and convincing evidence. Similarly, the state courts' resolutions of issues of law-including constitutional issues-must be accepted unless they are found to be "contrary to" clearly established precedent of the Supreme Court of the United States or involved an "unreasonable application" of such precedent. *Williams v. Taylor*, 529 U.S. 362 (2000). Indeed, it is not enough that the federal courts believe that the state court was wrong; it must be demonstrated that the state court decision was "objectively unreasonable." Id. *Breedlove v. Moore*, 279 F.3d 952 (11th Cir. 2002).

Ineffective Assistance of Counsel Standard

To prevail on a claim of ineffective assistance of trial or appellate counsel, a Petitioner must meet the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668

(1984). *Strickland*'s two-part test requires a Petitioner to demonstrate that counsel's performance was deficient and "there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* However, if a claim fails to satisfy the prejudice component, the court need not make a ruling on the performance component.

Discussion

GROUND FOUR

Cox claims ineffective assistance of counsel due to counsel's failure to investigate, take depositions, and call witnesses William "Willy" Peoples, Melissa Ratliff, and Bob Kirby to testify at trial. With respect to William "Willy" Peoples, Cox claims that prior to trial, he asked his counsel to call the owner of the trailer park, Mr. Peoples. Cox claims counsel was aware of the exact location of Mr. Peoples and that Mr. Peoples was readily available to testify. Cox claims Mr. Peoples would have testified that Cox did work for him as a maintenance man around the trailer park and that he also hired Cox back after he was released on bond. Cox claims Mr. Willingham testified that Cox was not a maintenance man, and had counsel called Mr. Peoples as a witness, the jury would have heard the truth and counsel could have impeached Mr. Willingham regarding his statement, thereby adding further doubt to Mr. Willingham's truthfulness and credibility. Cox contends, that had counsel called Mr. Peoples, the outcome of the proceeding would have been different.

The state court ultimately denied this claim after a full and fair evidentiary hearing, reasoning as follows:

> A review of the record reflects that Mr. Willingham did testify that Defendant was not the maintenance man. (See Trial Transcript, page 105,

-6-

attached). At the evidentiary hearing, Defendant testified that Mr. Peoples was his boss at the trailer park. (See April 12, 2005 Transcript, pages 51 - 52, attached). He further testified that when the trailer was broken into, he was working for Mr. Peoples. (See April 12, 2005 Transcript, page 52, attached). However on cross-examination, he admitted the Mr. Peoples was not a witness to the alleged incident. (See April 12, 2005 Transcript, page 55, attached).

At the April 12, 2005 hearing, Defendant's post conviction counsel Mr. Buddy Gissendanner advised the Court that Mr. Peoples was not in a position to testify, and therefore, they would not be calling him as a witness. (See April 12, 2005 Transcript, pages 4 - 5, attached). However, Mr. Gissendanner planned to prove that Defendant was employed as the maintenance man during the alleged incident with Defendant's tax records. (See April 12, 2005 Transcript, page 5, attached). Consequently, the Court granted Mr. Gissendanner leave to supplement the record with Defendant's tax records. (See April 12, 2005 Transcript, pages 6 - 7, attached). However, as of this date, Mr. Gissendanner has not done so.

Mr. Pennington testified that the name "William Peoples" or "Willie Peoples" does not ring a bell and he was not aware of Mr. Peoples' ability to assist in the defense in any way. (See April 12, 2005 Transcript, page 38, attached). After reviewing this portion of ground 4, the testimony, evidence, and argument presented on April 12, 2005, the court file, and the record, the Court finds that Defendant has failed to meet the second prong of Strickland in that he has failed to prove how counsel's alleged failure to investigate, depose, and call Mr. Peoples resulted in prejudice when Defendant has failed to prove that Mr. Peoples would have given the alleged testimony and admitted that Mr. Peoples did not witness the alleged incident. Since Defendant has failed to meet the second prong of *Strickland*, it is unnecessary to address the performance component. *See Kennedy v. State*, 547 So. 2d 912, 914 (Fla. 1989). As such, no relief is warranted upon this portion of ground 4.

(Exh 10: Order Denying Grounds 1 (In Part), 2, 3, 4, and 6 of Motion for Postconviction Relief at pp. 11-12).

The state trial court's ruling was correct. Without the testimony of Peoples, or any other evidence to support Cox's allegation, Cox failed to carry his burden of proving prejudice.

Ground Four does not warrant federal habeas corpus relief.

GROUND FIVE

Cox claims he received ineffective assistance of counsel due to counsel's misadvice to Cox regarding his right to testify. Specifically, Cox claims he informed his counsel that he wanted to testify at trial. However, Cox asserts his counsel continuously told him that he could not testify because if he did, the State would have the right to tell the jury about Cox's prior criminal history, including the specific nature of his prior convictions. Cox maintains his testimony could have brought several important facts to light, including testimony regarding an alleged affair between the victim's wife, Mrs. Willingham, and Cox. This claim was summarily denied by the state court as conclusively refuted by the record. The court's January 3, 2005, order states:

> However, as pointed out by Defendant in his Motion, during Detective Gray's crossexamination, Defendant's counsel attempted to elicit testimony regarding an alleged affair between Ms. Willingham and Defendant. (See Trial Transcript, pages 161-162, attached). Whereupon, the State objected based on relevance, and the Court advised the jury to disregard said inquiry. (See Trial Transcript, pages 161-162, attached). After reviewing this portion of ground 5, the court file, and the record, the Court finds that based on the fact that the Court did not allow any testimony regarding the alleged affair to come in during the cross-examination of Detective Gray due to the fact that it was irrelevant, the Court would have precluded Defendant from testifying regarding the alleged affair. Consequently, Defendant has failed to meet the second prong of *Strickland* in that he has failed to prove how counsel's alleged misadvice to Defendant regarding his right to testify resulted in prejudice when the Court would have precluded Defendant from testifying about the alleged affair between Ms. Willingham and himself. Since Defendant has failed to meet the second prong of *Strickland*, it is unnecessary to address the performance component. *See Kennedy v. State*, 547 So. 2d 912, 914 (Fla. 1989). As such, no relief is warranted upon this portion of ground 5.

(Exh 7: Order Denying, In Part, Motion for Postconviction Relief and Order to Respond at p. 7).

Again, Cox cannot establish prejudice, and the state trial court's ruling is entitled to deference pursuant to the AEDPA.

Ground Five does not warrant habeas corpus relief.

**Accordingly, the Court orders:**

That Cox's petition is denied.  The Clerk is directed to enter judgment against Cox and to close this case.

### CERTIFICATE OF APPEALABILITY AND
### LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further, ' " *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on March 12, 2008.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Counsel   of
Record
Charles   T.
Cox